

2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (215) 575-2639
Email:  sshaselbarth@mdwcg.com

January 10, 2023

**VIA ELECTRONIC FILING**

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

      RE:   *Rush v. City of Philadelphia*
              Docket No.:   21-1298

Dear Ms. Dodszuweit:

     Officer Richard Nicoletti responds to the Rule 28(j) letter of Jeffrey Rush, pointing to the Court's opinion in *Clark v. Coupe* noting "internal governing policies are relevant" for the clearly established prong of a qualified immunity analysis.  This nuance of Eighth Amendment jurisprudence does not apply to the Fourth Amendment.

     The Eighth Amendment's ban on cruel and unusual punishment prohibits "[t]he unnecessary and wanton infliction of pain . . . without penological justification."  *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). "[W]hat that Amendment prohibits is wanton exposure to 'objectively intolerable risk.'"  *Baze v. Rees*, 553 U.S. 35, 61-62 (2008) (citation omitted).

     *Clark* thus noted that evidence "officials disregarded prison regulations while inflicting wanton pain" may defeat qualified immunity at the Rule 12 stage because it informs on notice.  55 F.4th at 185.  *Clark* cited *Young v. Martin*, which (on an undecided issue) observed that prison regulations should be analyzed in determining whether prison officials violated regulations limiting the use of a hitching post.  801 F.3d at 182.  *Young* in turn relied on *Hope v. Pelzer*, which found "a clear violation of the Eighth Amendment" where prison officials had the benefit of state and federal prison regulations "informing [them] of the constitutional infirmity in [the] use of the hitching post."  536 U.S. at 741-742.  The Court's "conclusion that 'a reasonable person would have known' of the violation [was] buttressed by the fact that the DOJ specifically advised the [prison] of the unconstitutionality of its practices before the incidents in this case took place."  536 U.S. at 744.  The DOJ regulation did not make the practice unconstitutional: it informed the officials of its unconstitutionality.

Patricia S. Dodszuweit
January 10, 2023
Page 2

---

      None of that equates a municipal policy against shooting at a moving vehicle with the Fourth Amendment's "reasonableness standard." That policy does not inform officers what the Fourth Amendment prohibits. But Mr. Rush would have the Court conclude the City can make constitutionally unreasonable within its borders what would remain constitutionally reasonable outside of them—or, worse, export its prudential policy choices to neighboring municipalities. No Fourth Amendment case supports that. *See San Francisco v. Sheehan*, 575 U.S. 600, 616-617 (2015).

                                            Very truly yours,

                                            /s Shane Haselbarth

                                            Shane Haselbarth